Gregg McLean Adam, Bar No. 203436
  gregg@majlabor.com
Peter A. Janiak, Bar No. 048975
  peterajaniak@gmail.com
Steven Kaiser, Bar No. 105150
  steve@majlabor.com
**MESSING ADAM & JASMINE LLP**
235 Montgomery Street, Suite 828
San Francisco, California 94104
Telephone:    415.266.1800
Facsimile:    415.266.1128

Attorneys for Plaintiff
PETER J. NOWICKI

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER J. NOWICKI,<br><br>             Plaintiff,<br><br>      v.<br><br>CONTRA COSTA COUNTY EMPLOYEES' RETIREMENT ASSOCIATION; JOHN B. PHILLIPS, SCOTT W. GORDON, RUSSELL V. WATTS, DAVID J. MacDONALD, JERRY TELLES, DEBORA ALLEN, CANDACE ANDERSON, GABRIEL RODRIGUES, WILLIAM PIGEON, LOUIE A. KROLL, JERRY R. HOLCOMBE and TODD SMITHEY each in her or his official capacity as members of the Board of the Contra Costa County Employees' Retirement Association; and MORAGA-ORINDA FIRE DISTRICT; STEVE ANDERSON, JOHN JEX, KATHLEEN FAMULENER, BRAD BARBER, and CRAIG JORGENS, each in her or his official capacity as members of the Board of the Moraga-Orinda Fire District; and DOES 1 through 25, inclusive.<br><br>             Defendants. | CASE NO.<br><br>**VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES, AND JURY DEMAND** |

## I. PRELIMINARY STATEMENT

1. This action seeks declaratory, injunctive, and equitable relief, compensatory damages, costs and attorney's fees for the retroactive deprivation of Plaintiff Peter J. Nowicki's ("Nowicki") vested retirement benefits by Defendant Contra Costa County Retirement Association ("CCCERA") acting through JOHN B. PHILLIPS, SCOTT W. GORDON, RUSSELL V. WATTS, DAVID J. MacDONALD, JERRY TELLES, DEBORA ALLEN, CANDACE ANDERSON, GABRIEL RODRIGUES, WILLIAM PIGEON, LOUIE A. KROLL, JERRY R. HOLCOMBE and TODD SMITHEY each in her or his official capacity as members of the Board of CCCERA and by MORAGA-ORINDA FIRE DISTRICT ("Fire District") acting through STEVE ANDERSON, JOHN JEX, KATHLEEN FAMULENER, BRAD BARBER and CRAIG JORGENS, each in her or his official capacity as members of the Board of the Fire District, all in violation of 42 U.S.C. Section 1983; deprivation of property without due process of law; denial of equal protection of the law; impairment of contracts in violation of Nowicki's rights under the 14th Amendment of the United States Constitution, Article 1, Section 10, and the California Constitution, Article 1, Section 9; breach of the contract between Nowicki and the CCCERA; breach of the contract between Nowicki and the Fire District; breach of the contract between CCCERA and the Fire District to which Nowicki is a third party beneficiary; and breach of the duty of good faith and fair dealing.

## II. JURISDICTION

2. This action arises under the Fourteenth Amendment to the United States Constitution and the Civil Rights Act codified at 42 U.S.C Section 1983.

3. Jurisdiction is invoked pursuant to 28 U.S.C. Section 1331 (federal question) and 28 U.S.C. Section 1343 (civil rights.) Supplemental jurisdiction is vested in this Court over ancillary state law claims pursuant to 28 U.S.C. Section 11367(a).

4. Declaratory, injunctive, and equitable relief is sought pursuant to 28 U.S.C. Sections 2201 and 2202.

5. Compensatory damages are sought pursuant to 42 U.S.C. Section 1983.

6. Costs and attorney's fees are sought pursuant to 42 U.S.C. Section 1988 and Fed. Rul. Civ. Proc. Sec. 54.

### III. VENUE

7. This action properly lies in the Northern District of California, Oakland Division, pursuant to 28 U.S. Code Sec. 1391(b) and local rule 3-2(d) because the claim arose in this judicial district and the Defendants reside in the County of Contra Costa.

8. On October 13, 2015, Nowicki filed, in *propria persona*, a petition for a writ of mandate pursuant to California Code of Civil Procedure Section 1094.5 challenging the decision of the defendant CCCERA to rescind his retirement benefits. That matter has not proceeded beyond the filing of a response by CCCERA. Nowicki has filed a dismissal of that matter, without prejudice, contemporaneous with the initiation of the present action.

### IV. PARTIES

9. Plaintiff Peter J. Nowicki is a citizen and resident of the United States, who, at all times relevant to this action, was entitled to receive retirement benefits under a plan administered by Defendant CCCERA pursuant to a contract between Defendant CCCERA and Defendant Fire District.

10. Defendant CCCERA is, and at all times relevant herein was, a retirement board within the meaning of California Constitution, Article XVI, Section 17(h) and the County Employees Retirement Law of 1937, Government Code section 31450 et seq ("1937 Act").

11. Defendants JOHN B. PHILLIPS, SCOTT W. GORDON, RUSSELL V. WATTS, DAVID J. MacDONALD, JERRY TELLES, DEBORA ALLEN, CANDACE ANDERSON, GABRIEL RODRIGUES, WILLIAM PIGEON, LOUIE A. KROLL, JERRY R. HOLCOMBE and TODD SMITHEY ("CCCERA Board") have been at all times relevant hereto members of the Board of CCCERA and are named in their official capacities. At all relevant times, each of the defendants have been, and are now, the agent or employee of the remaining defendants, and each was acting within the course and scope of such agency or employment.

12. Defendant Fire District was and is at all times relevant hereto a duly constituted Fire District within the meaning of California Health & Safety Code Section 13800 *et seq.* and Nowicki's employer from June 1983 until January 2009.

13. Defendants STEVE ANDERSON, JOHN JEX, KATHLEEN FAMULENER, BRAD BARBER, and CRAIG JORGENS are the members of the Board of Defendant Fire District and are named in their official capacity. At all relevant times, each of the defendants have been, and are now, the agent or employee of the remaining defendants, and each was acting within the course and scope of such agency or employment.

14. Defendant Fire District has entered into ongoing contracts with Defendant CCCERA by which contracts CCCERA agreed to administer, pursuant to the 1937 Retirement Act, retirement plans for the benefit of the employees of Fire District, including Plaintiff herein.

## V.  FACTS

15. In June 1983 Nowicki joined the Fire District as a firefighter. He advanced through the ranks and in July 2006 was promoted to the position of Fire Chief. When Nowicki was initially offered the position of Fire Chief, he expressed his concern that the monetary value of the salary and benefits that he was then receiving as Battalion Chief exceeded that which was proposed under the Fire Chief contract. He was assured by the Fire District Board President, Gordon Nathan, and the then Fire Chief, Jim Johnston, that an annual review would be conducted of Nowicki's salary and benefits and an appropriate adjustment would be made to his Fire Chief contract. The Fire Chief contract between Nowicki and the Fire District included an annual salary of $173,000 and other benefits, including vacation time accrued at the rate of 20 hours per month and a cap of vacation time accrual of 400 hours.

16. As he had been promised when he was initially hired as Fire Chief, Nowicki's employment contract with the Fire District was amended on February 6, 2008, retroactive to July 2007, and his annual salary was increased to $186,000. The amended contract also included a Fire Retirement Allotment and a "vacation sell-back" provision allowing Nowicki to convert up to 200 hours of accrued, unused vacation time into a cash payment per year. The purpose of the "vacation sell back" provision was to prevent the loss of any accrued vacation time in excess of

-4-
VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES, AND JURY DEMAND

the 400 hour annual cap. Nowicki was unable to use his vacation time, in part, because of staffing shortages in two of the four authorized Battalion Chief positions and the vacant Fire Marshal position.

17. On February 8, 2008, Nowicki exercised his vacation sell back option and converted 200 hours of accrued vacation into a cash payment.

18. On December 10, 2008, Nowicki's contract was again amended, retroactive to July 2008, and provided, in part, for an annual vacation sell-back option of 260 hours and allowed conversion of non-cashable paid administrative leave into cashable vacation. Again, these provisions were intended to prevent the loss of negotiated leave benefits because of the extensive time demands of the Fire Chief position.

19. On December 31, 2008, Nowicki exercised the additional vacation sell-back option and converted an additional 60 hours of accrued vacation time into a cash payment.

20. On January 5, 2009, Nowicki converted 260 hours of accrued vacation time into a cash payment.

21. On January 30, 2009, Nowicki retired from the Fire District pursuant to a defined benefit plan administered by CCCERA, which allowed him to retire at the age of 50 with a pension benefit calculated by multiplying his highest compensation over any consecutive 12 months of employment by the product of 3% and his accrued years of service.

22. In compliance with the rules governing the CCCERA retirement plan, and consistent with the provisions of the California Constitution and the 1937 Act, calculation of Nowicki's highest 12 months of compensation included his annual salary, vacation sell-backs, a Fire Retirement Allotment, uniform allowance, and vacation and personal holiday payout upon retirement. Application of the above factors to Nowicki's 28.3 years of service resulted in a monthly pension benefit of $20,076.00 before taxes and other withholdings.

23. Under the plan administered by CCCERA, Nowicki had the option of remaining employed with the Fire District, should he have chosen to do so.

24. On August 5, 2015 Nowicki received a letter from CCCERA informing him that the CCCERA Board had scheduled a hearing on September 9, 2015 in order to review what was

-5-
VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES, AND JURY DEMAND

described as ". . . acts of pension spiking, through members' receipt of pay items that were not earned as a part of their regularly recurring employment compensation during their careers." Nowicki was further informed that his pension was subject to investigation and that the hearing would allow him "the opportunity to present to the Board your position and any information you believe is relevant to the calculation of your retirement allowance."

25. Nowicki attended the CCCERA Board meeting on September 9, 2015. Contrary to the Board's assurances in its August 5, 2015 letter, the requirements of the 1937 Act, and the due process and taking clauses of the U.S. Constitution and the California Constitution, Nowicki was not given a full, fair and reasonable opportunity to present evidence and to call witnesses supporting the validity of his retirement benefit calculations. Nowicki was allotted an unduly restrictive amount of time in order to present his case. In addition, the CCCERA Board declined Nowicki's offer of witnesses. None of the testimony before the Board was under oath. Nor were the Board proceedings full, fair or unbiased. The claims against Nowicki were presented to the CCCERA Board by the same legal counsel who subsequently advised the CCCERA Board. Furthermore, the CCCERA Board was told during deliberations that it need not find that Nowicki violated any law: "It does not have to be a violation. We don't have to show it to be improper. Remember the word that's used is 'improper'. It's not 'illegal' <u>We don't have to show a violation of the law</u>." (Underlining added.) Furthermore, representatives of the Fire District declined to participate in the meeting, even though, as stated by counsel for the CCCERA, "But they received notice as well, since it is, you know, the benefits that they promised and that they're paying for that are at issue here today."

26. On September 11, 2015 Nowicki received a letter from the CCCERA informing him that his pension would be reduced to $14,667.74 per month, retroactive to the date of his retirement on the purported grounds that Nowicki had caused his "final average salary (compensation earnable) to be improperly increased at the time of retirement."

27. On September 21, 2015, Nowicki received a letter from CCCERA alleging that he had received overpayments of retirement benefits in the amount of $585,802.90, plus interest in the amount of $143,165.00, for a total repayment obligation of $728,967.90. He was offered

-6-
VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES, AND JURY DEMAND

several options for repayment of the alleged overpayments, including monthly installment payments over a period of approximately 6 years to be deducted from his monthly pension benefit payments; a lump sum repayment; or a reduction of his prospective monthly pension benefit payment until said amount had been repaid in full.

28. Pursuant to the equal protection, due process, contracts clause and other provisions of the U. S. and California Constitutions, Nowicki has constitutionally protected vested rights to the pension benefits which he has earned.

29. Nowicki is beneficially interested in this action and does not have a plain, speedy and adequate remedy in the ordinary course of law, thereby warranting the injunctive relief requested herein.

30. The pension benefits obtained by Nowicki's predecessors and successors were in conformity with the same principles which were initially applied to Nowicki's retirement benefits.

31. The CCCERA's findings and determination to reduce Nowicki's pension benefits were improper, unlawful and an abuse of discretion in that the CCCERA did not proceed in a manner required by law. Nowicki was deprived of his rights under the equal protection, due process and unlawful taking clauses of the U.S. and California Constitutions, the 1937 Act, and the CCCERA's rules and regulations requiring a full, fair and impartial hearing.

**FIRST CAUSE OF ACTION**
**Deprivation of Property Without Due Process of Law, in Violation of the 14th Amendment to U.S. Constitution and 42 U.S. Code Section 1983**

32. Nowicki incorporates as if realleged paragraphs 1 through 31 above.

33. During the September 9, 2015 CCCERA Board hearing, Nowicki was severely restricted in the time provided to him to present his case; the Board failed and refused to avail itself of the witnesses who were offered by Nowicki; the CCCERA attorney who presented the case before the CCCERA Board was the same attorney who advised the Board during its deliberations; and erroneous legal guidance was provided to the Board during its deliberations.

34. By acting under color of state law and retroactively denying Nowicki the pension and retirement benefits to which he is entitled, Defendants have arbitrarily and intentionally violated Section 1 of the 14th Amendment of the U.S. Constitution in that Nowicki was deprived

of the property right in his retirement benefits without due process of law in violation of 42 U.S. Code Section 1983.

WHEREFORE, Plaintiff prays for relief as set forth below.

**SECOND CAUSE OF ACTION**
**Denial of Equal Protection of the Law in Violation of the 14th Amendment of the U.S. Constitution and 42 U.S. Code Section 1983**

35. Nowicki incorporates as if realleged paragraphs 1 through 34 above.

36. The pension and retirement benefits to which Nowicki is entitled were based upon California statutes, CCCERA regulations and judicial precedent. Prior to retirement Nowicki met with employees or consultants of the CCCERA to insure that his pension benefits were in compliance with those statutes, regulations and judicial precedent. The pension benefits obtained by Nowicki's predecessors and successors were in conformity with the same principles which were initially applied to Nowicki's retirement benefits. Selective enforcement under color of Government Code Section 31569 against Nowicki unfairly singled Nowicki out to bear the burden of government action in violation of the Equal Protection Clause as set forth in the Fourteenth Amendment of the U.S. Constitution. By acting under color of state law and retroactively denying Nowicki the retirement benefits to which he is entitled Defendants have arbitrarily and intentionally singled Nowicki out for adverse treatment and violated Section 1 of the 14th Amendment of the U.S. Constitution thereby denying Nowicki the equal protection of the law in violation of 42 U.S.Code Section 1983.

WHEREFORE, Plaintiff prays for relief as set forth below.

**THIRD CAUSE OF ACTION**
**Deprivation of Property Without Due Process of Law, in Violation of Article 1, Section 7 of the California Constitution**

37. Nowicki incorporates as if realleged paragraphs 1 through 36 above.

38. During the September 9, 2015 CCCERA Board hearing, Nowicki was severely restricted in the time provided to him to present his case; the Board failed and refused to avail itself of the witnesses who were offered by Nowicki; the CCCERA attorney who presented the case before the CCCERA Board was the same attorney who advised the Board during its deliberations; and erroneous legal guidance was provided to the Board during its deliberations. By

acting under color of state law and retroactively denying Nowicki the pension and retirement benefits to which he is entitled Defendants have arbitrarily and intentionally violated Article 1, Section 7 of the California Constitution thereby depriving Nowicki of property without due process of law.

WHEREFORE, Plaintiff prays for relief as set forth below.

**FOURTH CAUSE OF ACTION**
**Denial of Equal Protection of the Law in Violation of Article 1, Section 7**
**of the California Constitution**

39. Nowicki incorporates as if realleged paragraphs 1 through 38 above.

40. The pension and retirement benefits to which Nowicki is entitled were based upon California statutes, CCCERA regulations and judicial precedent. Prior to retirement Nowicki met with employees or consultants of the CCCERA in order to insure that his pension benefits were in compliance with those statutes, regulations and judicial precedent. The pension benefits obtained by Nowicki's predecessors and successors were in conformity with the same principles which were initially applied to Nowicki's retirement benefits. Selective enforcement under color of Government Code Section 31539 unfairly singled Nowicki out to bear the burden of government action. By acting under color of state law and retroactively denying Nowicki the retirement benefits to which he is entitled Defendants have arbitrarily and intentionally singled Nowicki out for adverse treatment and deprived Nowicki of equal protection of the law in violation of Article 1, Section 7 of the California Constitution.

WHEREFORE, Plaintiff prays for relief as set forth below.

**FIFTH CAUSE OF ACTION**
**Breach of Contract in Violation of California Code of Civil Procedure Sec. 1549,** *et seq.*

41. Nowicki incorporates as if realleged paragraphs 1 through 40 above.

42. The pension plan administered by the CCCERA created a contract between Nowicki and the CCCERA by which Nowicki and the Fire District made periodic monetary contributions to the CCCERA in the expectation that he would receive certain defined pension benefits upon his retirement. The CCCERA's retroactive denial of the retirement benefits constitutes a breach of the contract between Nowicki and the CCCERA.

43. A contractual relationship also existed between Nowicki and the Fire District. Nowicki performed his duties as an employee of the Fire District for approximately 26 years in exchange for which the Fire District agreed, in part, to participate in the funding of a pension plan which would provide defined pension and retirement benefits to Nowicki. That pension plan is maintained through a contract between the Fire District and CCCERA implementing the provisions of the 1937 Act. The retroactive denial of Nowicki's pension benefits breached the contract between Nowicki and the Fire District as well as the contract between the Fire District and the CCCERA, to which Nowicki is a third party beneficiary.

WHEREFORE, Plaintiff prays for relief as set forth below.

### SIXTH CAUSE OF ACTION
**Impairment of Contracts in Violation of Article 1, Section 10 of the U.S. Constitution**

44. Nowicki incorporates as if realleged paragraphs 1 through 43 above.

45. The pension plan administered by the CCCERA created a contractual relationship between Nowicki and the CCCERA pursuant to which Nowicki made periodic monetary contributions to the CCCERA in the expectation that he would receive certain defined pension benefits upon his retirement. The CCCERA's retroactive denial of Nowicki's retirement benefits constitutes a breach of the contract between Nowicki and the CCCERA.

46. A contractual relationship also existed between Nowicki and the Fire District. Nowicki performed his duties as an employee of the Fire District for approximately 26 years in exchange for which the Fire District agreed to participate in the funding of a pension plan which would provide defined pension and retirement benefits to Nowicki. That pension plan is maintained through a contract between the Fire District and CCCERA implementing the provisions of the 1937 Act. The denial of Nowicki's retirement benefits breached the contract between Nowicki and the Fire District.

47. The denial of Nowicki's retirement benefits also breached the contract between the Fire District and the CCCERA, to which Nowicki is a third party beneficiary.

48. Defendants' reliance upon California Government Code Section 31539 to deny Nowicki's retirement benefits constitutes an impairment of contract in violation of Article 1, Section 10 of the United States Constitution.

WHEREFORE, Plaintiff prays for relief as set forth below.

**SEVENTH CAUSE OF ACTION**
**Impairment of Contract in Violation of Article 1, Section 9 of the California Constitution**

49. Nowicki incorporates as if realleged paragraphs 1 through 48 above.

50. The pension plan administered by the CCCERA created a contractual relationship between Nowicki and the CCCERA pursuant to which Nowicki and the Fire District made periodic monetary contributions to the CCCERA in the expectation that he would receive certain defined pension benefits upon his retirement. The CCCERA's retroactive denial of Nowicki's retirement benefits constitutes a breach of the contract between Nowicki and the CCCERA.

51. A contractual relationship also existed between Nowicki and the Fire District. Nowicki performed his duties as an employee of the Fire District for approximately 26 years in exchange for which the Fire District agreed to participate in the funding of a pension plan which would provide defined pension and retirement benefits to Nowicki. That pension plan is maintained through a contract between the Fire District and CCCERA implementing the provisions of the 1937 Act. The retroactive denial of Nowicki's pension benefits breached the contract between Nowicki and the Fire District. The retroactive denial of Nowicki's retirement benefits also breached the contract between the Fire District and the CCCERA, to which Nowicki is a third party beneficiary.

52. Defendants' reliance upon California Government Code Section 31539 to retroactively deny Nowicki's retirement benefits constitutes an impairment of contract in violation of Article 1, Section 9 of the California Constitution.

WHEREFORE, Plaintiff prays for relief as set forth below.

**EIGHTH CAUSE OF ACTION**
**Breach of Duty of Good Faith and Fair Dealing**

53. Nowicki incorporates as if realleged paragraphs 1 through 52 above.

54. Defendants' denial of Nowicki's retirement benefits breached Defendants' duty of good faith and fair dealing inherent in the contracts between Nowicki and Defendants. The CCCERA's findings and its determination to reduce Nowicki's retirement benefits were improper, unlawful, an abuse of discretion and unsupported by the evidence. As such, the CCCERA's conduct was arbitrary and capricious and breached the implied covenant of good faith and fair dealing inherent in the contract between it and Nowicki as well as the contract between it and the Fire District.

WHEREFORE, Plaintiff prays for relief as set forth below.

## NINTH CAUSE OF ACTION
## Request for Declaratory Relief

55. Nowicki incorporates as if realleged paragraphs 1 through 54 above.

56. An actual controversy now exists between Nowicki and defendants as to whether the retroactive denial of Nowicki's pension benefits violates the due process and equal protection clauses of the United States and California Constitutions. Unless the Court issues an appropriate declaration of rights, the parties will not know whether the CCCERA's retroactive denial of Nowicki's pension benefits is in compliance with Nowicki's constitutional rights. Accordingly, Nowicki requests a declaration by this Court that Defendants' denial of Nowicki's retirement benefits violates Nowicki's rights under the United States and California Constitutions as well as breached the contracts between Nowicki and Defendants.

WHEREFORE, Plaintiff prays for relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests from the Court the following relief:

A. Declare Defendants' conduct to be in violation of Plaintiff's rights under the U.S. Constitution, the California Constitution, and to be a breach of the contracts between Nowicki and Defendants as well a breach of their duty of good faith and fair dealing inherent in said contracts.

B. Enjoin Defendants from engaging in such conduct;

C. Reinstate Nowicki's retirement benefits as existed prior to Defendants' illegal conduct;

D. Order defendant CCCERA to vacate its decision of September 9, 2015;

E. Order that Defendants make Nowicki whole for the monetary loss which he encountered, plus interest at the legal rate;

F. Award compensatory damages to him in the amount of $500,000;

G. Award him costs and attorney's fees; and

H. Grant such other relief as it may deem just and proper.

**JURY DEMAND**

Plaintiff demands a jury to try all claims triable by a jury.

Dated: February 7, 2017    MESSING ADAM & JASMINE LLP

By _____
Gregg McLean Adam
Peter A. Janiak
Steven Kaiser
Attorneys for Plaintiff PETER J. NOWICKI

VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES, AND JURY DEMAND

# VERIFICATION

I am the Plaintiff in this matter. I have read the foregoing **VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES, AND JURY DEMAND** and know the contents thereof. The same is true of my own knowledge, except as to those matters alleged on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 7, 2017 in SAN FRANCISCO, California.

_____
Peter J. Nowicki